**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ALLCO FINANCE LIMITED INC., Plaintiff, | : | |
| v. | : | 3:25-CV-01321 (SFR) |
| KATIE S. DYKES, ET AL.,[1] Defendants. | : | |

## MEMORANDUM & ORDER

Plaintiff Allco Finance Limited Inc. ("Allco") purports to bring claims under the Public Utilities Regulatory Policies Act ("PURPA"), Section 16-243a of the Connecticut General Statutes, the Connecticut Uniform Commercial Code, and the Connecticut Unfair Trade Practices Act ("CUTPA") against The United Illuminating Company, Avangrid Networks, Inc., Avangrid Inc., Iberdrola S.A., Charlotte Ancel, and Pedro Azagra Blázquez ("Private Defendants"). Allco alleges that Private Defendants, in violation of federal and state law, refused to purchase electricity from Allco on Allco's terms. Private Defendants maintain that PURPA does not authorize a private right of action under which Allco can sue Private Defendants in federal court and that CUTPA contains a statutory exception preventing Allco from stating a claim against Private Defendants.

For the following reasons, Private Defendants' Motion to Dismiss is GRANTED.

[1] Allco filed its Complaint in this Court against two sets of defendants: various Connecticut regulators ("State Defendants") and a private Connecticut electric utility and its corporate affiliate and their employees ("Private Defendants"). ECF No. 1. This Opinion grants the Motion to Dismiss filed by Private Defendants, ECF No. 49: The United Illuminating Company, Avangrid Networks, Inc., Avangrid Inc., Iberdrola S.A., Charlotte Ancel, and Pedro Azagra Blázquez.

# I. BACKGROUND

## A. Factual Background

Allco is the owner and operator of various qualifying small power production facilities. Compl., ECF No. 1, ¶ 71. A small power production facility, as defined by the Federal Power Act ("FPA") and PURPA, is an electricity-generating facility that produces electric energy from renewables and has a site-total power production capacity not greater than 80 megawatts. 16 U.S.C. § 824a-3(l); 16 U.S.C. § 796(17)(A). Small power production facilities that meet certain Federal Energy Regulatory Commission ("FERC") regulations are qualifying small power production facilities ("qualifying facilities") under PURPA eligible to receive special rate and regulatory treatment, including the right to sell energy to a utility. 16 U.S.C. § 824a-3(l); 16 U.S.C. § 796(17)(C); *see* 18 C.F.R. § 292.204; *PURPA Qualifying Facilities*, FERC, https://www.ferc.gov/qf (last visited September 18, 2026).

The United Illuminating Company ("UI") is a regulated Connecticut utility subject to oversight from Connecticut's Public Utilities Regulatory Authority ("PURA").[2] PURA "establish[es] rates and conditions of service" for each electric utility's, including UI's, "purchase of electrical energy and capacity made available by a private power producer." Conn. Gen. Stat. § 16-243a(c). A utility wishing to purchase energy, capacity, or both from a qualifying facility must submit a tariff to PURA specifying, as relevant here, the rate and "a specific term of years" for the purchase. Conn. Agencies Regs. §§ 16-243a-2(a)-(c).

[2] The remaining Private Defendants are UI's ultimate parent corporation Iberdrola S.A.; Avangrid Networks, Inc. and Avangrid Inc., two U.S.-based subsidiaries of Iberdrola S.A. that are UI's indirect parent corporations; and Charlotte Ancel and Pedro Azagra Blázquez, employees of Avangrid, Inc. and Iberdrola S.A., respectively.

Allco committed to sell to UI all the energy and capacity from four Connecticut solar qualifying facilities, QF24-370, QF24-368, QF24-367, and QF24-369, totaling seven megawatts of generating capacity. Compl. ¶ 13. Allco offered UI the entirety of its seven megawatts of generating capacity for a 20-year or 30-year period, but UI's proposed contract to purchase Allco's energy was for a term of only seven years. *Id.* ¶¶ 13-14.[3]

Allco filed an administrative petition with PURA to compel UI to purchase the energy and capacity from Allco's four Connecticut solar qualifying facilities on a 30-year term at Allco's preferred rate, which PURA denied. Compl. ¶ 19; ECF Nos. 49-8, 49-9.

Allco appealed PURA's decision in state court. The Connecticut Superior Court, Judicial District of New Britain, dismissed Allco's appeal earlier this year. *Allco Finance Ltd. v. PURA*, No. HHB-CV-25-6095406-S (Conn. Super. Ct. July 9, 2026).

**B. Procedural History**

Allco filed its Complaint in this Court on August 18, 2025, with one set of claims against various Connecticut regulators and another set of claims against Private Defendants. Counts One and Two of the Complaint allege that Private Defendants violated PURPA by not agreeing to Allco's terms. Compl. ¶¶ 91-99. Count Three alleges that Private Defendants' refusal to execute Allco's preferred contract was in violation of CUTPA. *Id.* ¶¶ 100-06.

Private Defendants filed their Motion to Dismiss Counts One, Two, and Three of the Complaint on November 24, 2025. Defs.' Mem., ECF No. 49-1. Allco filed its response on

---

[3] UI submits exhibits showing that per PURA regulations, UI submitted to PURA for approval its proposed seven-year contract with Allco. ECF No. 49-3. Allco filed a motion to intervene in the PURA proceeding, ECF No. 49-4, which PURA granted, ECF No. 49-5. After soliciting written comments, issuing interrogatories, and issuing a proposed final decision to which participants were provided an opportunity to file written exceptions, PURA approved UI's proposed seven-year contract with Allco. ECF No. 49-7.

December 9, 2025, Pl.'s Mem., ECF No. 52, and Private Defendants filed a reply on December 23, 2025, Defs.' Reply, ECF No. 56.[4]

On August 31, 2026, Private Defendants filed a Notice of Additional Authority, directing this Court's attention to the Connecticut Superior Court's decision in *Allco Finance Ltd. v. PURA*. ECF No. 60. Allco filed a Response to Private Defendants' Notice on September 21, 2026. ECF No. 61.

## II. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155-56 (D. Conn. 2016). Although this "plausibility" requirement is "not akin to a probability requirement," it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. I must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). However, I am not bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008).

## III. DISCUSSION

As to Counts One and Two, Private Defendants argue that PURPA provides no right of action for Allco to bring a federal-court lawsuit against Private Defendants and, in the

[4] Citations to Allco's and Private Defendants' memoranda are to the internal pagination of the briefs, not to the page numbers generated by the ECF system.

alternative, that Allco fails to state claim under PURPA. Defs.' Mem 14-24. Private Defendants move to dismiss Count Three on the grounds that Allco is using CUTPA as an impermissible run-around to enforce PURPA, and regardless that Allco's claim fails as a matter of Connecticut law. *Id.* at 22-31.

**A. Counts One and Two: Claims Under PURPA**

Allco seeks injunctive relief (Count One) or, alternatively, damages (Count Two) under PURPA. PURPA, enacted in 1978 as "part of a package of legislation . . . designed to combat the nationwide energy crisis," *FERC v. Mississippi*, 456 U.S. 742, 745 (1982), creates an exception to FERC's "exclusive authority to regulate the sale of electric energy at wholesale in interstate commerce," *Allco Fin. Ltd. v. Klee*, 861 F.3d 82, 87 (2d Cir. 2017). Section 210 of PURPA directs *state* regulatory authorities to implement FERC-prescribed rules requiring electric utilities to sell and purchase energy from qualifying facilities. 16 U.S.C. §§ 824a-3(a), 824a-3(f)(1); *see FERC*, 456 U.S. at 759-60; *Klee*, 861 F.3d at 87.

PURPA expressly provides three avenues by which to enforce the statute's obligations in court. 16 U.S.C. §§ 824a-3(g), 824a-3(h); *see Allco Renewable Energy Ltd. v. Massachusetts Elec. Co.*, 875 F.3d 64, 69 (1st Cir. 2017). First, FERC can bring an action in federal court against a state regulatory authority or nonregulated utility on the grounds that the state regulatory authority or nonregulated utility has failed to properly implement PURPA. 16 U.S.C. § 824a-3(h)(2)(A); *see FERC*, 456 U.S. at 751. Second, if FERC fails to bring an implementation enforcement action after being petitioned to do so by an electric utility, a qualifying cogeneration facility, or a qualifying small power production facility (a "qualifying utility"), the petitioner can bring the implementation enforcement action against the state regulatory authority in federal court, and FERC can intervene as a matter of right. 16 U.S.C. §

824a-3(h)(2)(B); *see Klee*, 861 F.3d at 87-88, 88 n.2 (describing such an enforcement action as a "private right of action"); *Niagara Mohawk Power Corp. v. FERC*, 306 F.3d 1264, 1268 (2d Cir. 2002) ("The only private right of action under PURPA arises from § 210(h)(2)(B) of that statute."). Third, any person can bring an action in state court against a qualifying utility to enforce any requirement established by a state regulatory authority. 16 U.S.C. § 824a-3(g); *id.* § 2633(c)(1).

In other words, "PURPA's text does not make any reference to the possibility of a [qualifying facility] bringing any sort of action against a utility in federal court." *Allco Renewable*, 875 F.3d at 68. In order for Allco to maintain a claim against Private Defendants in this forum, I must therefore determine that PURPA contains an implied right of action.

Private Defendants argue there is no implied private right of action that permits Allco to bring claims under PURPA against them. Allco acknowledges the First Circuit held in *Allco Renewable* that there is no private right of action. However, Allco asserts that certain provisions in Section 210 are unconstitutional, and if these provisions are severed, "what would remain is a federal regulatory scheme that requires a direct action against electric utilities in federal court." Pl.'s Mem. 8. Second, Allco argues that the operations of qualifying facilities are subject to the judicial-review provisions of the FPA, not PURPA. *Id.* at 17-18.[5]

[5] Allco also seems to suggest that the provisions relating to jurisdiction in 16 U.S.C. § 2633 should not apply here because that section is in Title I of PURPA whereas Section 210 is in Title II. Pl.'s Mem. 18-20. That argument is hard to square with the text of 16 U.S.C. § 824a-3(g)(2), which specifies: "Any such action shall be brought only in the manner, and under the requirements, as provided under section 2633 of this title with respect to an action to which section 2633 of this title applies."

As an initial matter, given the presumption against implied rights of action, *E. Coast Advanced Plastic Surgery, LLC v. Cigna Health & Life Ins. Co.*, No. 25-2204, 2026 WL 2751786, at *4 (2d Cir. Sept. 17, 2026), and the extensive remedial scheme set forth by PURPA, *see FS Credit Opportunities Corp. v. Saba Cap. Master Fund, Ltd*, 608 U.S. 608, 614 (2026), I join the First Circuit in concluding that there is no implied private right of action that permits Allco to bring Counts One and Two against the Private Defendants. *See Allco Renewable*, 875 F.3d at 73 (1st Cir. 2017) ("[N]one of Allco's arguments about PURPA overcome two fundamental truths about that statute: (1) its text does not expressly provide for private enforcement of that sort; and (2) its text <u>does</u> expressly provide for an intricate enforcement framework, involving both FERC and private litigants, in state and federal court."); *see also Niagara Mohawk Power Corp.*, 306 F.3d at 1268 (stating that the "only private right of action under PURPA arises from § 210(h)(2)(B) of that statute").[6]

Below, I consider Allco's arguments that a right of action can be implied if provisions of Section 210 are severed from the statute, and that the judicial-review provisions of the FPA, and not PURPA, apply to Allco's sale of electricity to UI.

I address each argument in turn.

**1. Tenth Amendment Challenge**

Allco first contends that Section 210 of PURPA unconstitutionally commandeers state regulatory authorities and state courts in violation of the Tenth Amendment. In particular,

[6] Similarly, other courts have declined to recognize *other* implied rights of action under PURPA. *See, e.g.*, *Swecker v. FERC*, No. 1:21-cv-1590 (RCL), 2022 WL 4534944, at *4 (D.D.C. Sept. 28, 2022), *aff'd*, No. 22-5285, 2023 WL 2899660 (D.C. Cir. Apr. 10, 2023) (describing a case in which the plaintiffs "had not persuaded the [D.C. Circuit] to read an implied cause of action against FERC into the self-contained regulatory and enforcement system established by Congress in" PURPA) (citation modified).

Allco claims that Sections 210(f)(1) and 210(h)(2) unconstitutionally commandeer state regulatory authorities while Section 210(g)(2) unconstitutionally commandeers state courts, and therefore that these subsections should be severed from the statute.

To the extent that the claim of unconstitutionality is not foreclosed by binding Supreme Court precedent, it nevertheless does not help Allco here.[7] In essence, Allco asks me to follow a two-step process: first, find Allco's disfavored portions of PURPA unconstitutional; then, with those portions of the statute stricken, recognize an implied right of action.

---

[7] The Supreme Court's decision in *FERC v. Mississippi* addressed a Tenth Amendment challenge to Section 210 of PURPA. In that case, Mississippi argued that the Tenth Amendment prevented PURPA from requiring state regulatory authorities to implement FERC rules. The Court rejected the argument that PURPA's requirement that state regulatory authorities implement rules for utilities violates the Tenth Amendment, although the Court rested its decision on the now-repealed FERC regulation that allowed state regulatory authorities to implement FERC rules "by, among other things, 'an undertaking to resolve disputes between qualifying facilities and electric utilities arising under [PURPA].'" 456 U.S. at 759-60 (quoting 18 CFR § 292.401(a) (1980)) (alteration in original); *see* 57 Fed. Reg. 21732 (repealing 18 CFR § 292.401 (1980)); *see also FERC*, 456 U.S. at 751 ("Thus, a state commission may comply with the statutory requirements by issuing regulations, by resolving disputes on a case-by-case basis, or by taking any other action reasonably designed to give effect to FERC's rules.").

*FERC v. Mississippi* did not directly address the argument that Section 210(g)(2) unconstitutionally commandeers state courts, but the Court noted that allowing state adjudicatory bodies to refuse to hear federal claims "would allow the States to disregard both the preeminent position held by federal law throughout the Nation, and the congressional determination that the federal rights granted by PURPA can appropriately be enforced through state adjudicatory machinery." 456 U.S. at 760-61 (citation modified); *see Freier v. Westinghouse Elec. Corp.*, 303 F.3d 176, 204 (2d Cir. 2002) (noting that, "consistent with the Tenth Amendment, Congress may create federal causes of action that state courts are obligated to adjudicate") (citing *Testa v. Katt*, 330 U.S. 386 (1947)).

Defendants argue that *FERC v. Mississippi* is directly on point; Allco appears to assert that the Supreme Court's intervening anti-commandeering jurisprudence demands a different result. Defs.' Mem. 1; Pl.'s Mem. 13. I do not resolve Allco's Tenth Amendment challenge to PURPA's imposition on state regulatory authorities and state courts as resolution of the constitutional challenge is not necessary in order to resolve the Private Defendants' motion to dismiss.

As the Supreme Court recently summarized, however, to "create a private right, a statute must use rights-creating language aimed at protecting a particular class of persons" and "[l]anguage that focuses on the person regulated rather than the individuals protected does not fit the bill." *Saba*, 608 U.S. at 614 (citation modified). Even with the sections of Section 210 that Allco asserts are unconstitutional severed, the remaining language would still require FERC to "prescribe . . . rules requir[ing] electric utilities to offer to—(1) sell electric energy to [qualifying facilities] and (2) purchase electric energy from such facilities." 16 U.S.C. § 824a-3(a). Although the statute redounds to the benefit of qualifying facilities, "the focus of § [210(a)] is twice removed from the individuals who will ultimately benefit from [PURPA]'s protection." *Alexander v. Sandoval*, 532 U.S. 275, 289 (2001). Like the statute in *Sandoval*, Section 210(a) "is yet a step further removed: It focuses neither on the individuals protected nor even on the [electric utilities] being regulated, but on the agenc[y] that will do the regulating." *Id.*; *see Murphy Med. Assocs., LLC v. Yale Univ.*, 120 F.4th 1107, 1112 (2d Cir. 2024) (reasoning that although CARES Act provision contains arguably rights-creating language, it supplements a FFCRA provision directed at federal agencies, and "taken together, the structure of the FFCRA and CARES Act shows that Congress contemplated agency enforcement and did not intend to create a private cause of action").

Moreover, even if the remainder of the statute—without its severed provisions—appeared to imply a private right of action, Allco presents no authority for the view that a federal court may imply such a right based on language that remains in the statute after provisions have been removed. Although federal courts can sever unconstitutional provisions from statutes, their "only instrument [] is a blunt one." *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 237 (2020). Courts have "the negative power to disregard an

unconstitutional enactment, but [] cannot re-write Congress's work." *Id.* at 238 (citation modified). The touchstone inquiry for whether an implied private right of action exists is Congressional intent, based on the text enacted, and Allco offers no guidance for how courts should reason about Congressional intent after excising significant portions of the text that Congress actually enacted. *See Murphy Med.*, 120 F.4th at 1112 ("In determining whether a statute implies a cause of action, we consider whether the text and structure of the statute evince congressional intent to create new rights.") (citation modified). Even if PURPA is unconstitutional in part, "Congress, not the Judiciary, decides who may enforce the law," and I cannot not fashion a private right of action for Allco based on statutory text that is missing provisions that Congress enacted. *See Saba*, 608 U.S. at 611; *see id.* at 623 ("Congress expresses itself as a body through the text it enacts . . . .").

I also reject Allco's argument that the federal courts must open their doors to any case or controversy between two citizens of different states. Pl.'s Mem. 11. This nation's constitutional practice shows otherwise. *See* Act of Sept. 24, 1789 (Judiciary Act of 1789), § 11, 1 Stat. 78 (restricting diversity jurisdiction to cases where the amount in controversy exceeds $500); 28 U.S.C. § 1332(a) (today's amount in controversy requirement); *see also* Erwin Chemerinsky, *Federal Jurisdiction* 220 (9th ed. 2025) ("Thus, after 200 years of contrary practice, it is no longer possible to argue persuasively that the lower federal courts' jurisdiction cannot be limited in any way.").

**2. Judicial Review Under the FPA**

Allco's second argument, that the operations of qualifying facilities are subject to the judicial-review provisions of the FPA and not PURPA, Pl.'s Mem. 17-18, falters in that it also requires me to create a private right of action where none exists. Allco argues that the "terms

and conditions of [] wholesale sales are still subject to FERC's jurisdiction under Part II of the FPA, with respect to which this Court has exclusive jurisdiction." *Id.* at 18. The sections of the FPA to which Allco cites do not contain any rights-creating language and Allco presents no further argument for the existence of a private right of action under the FPA. *See* 16 U.S.C. §§ 824d, 824e. In light of the lack of briefing from Allco on this issue, I am again convinced by the First Circuit's opinion in *Allco Renewable* that even if the judicial-review provisions of the FPA applied here, Allco still would not have a cause of action against Private Defendants. 875 F.3d at 73 ("Therefore, because the FPA resoundingly does not confer a private right, it is of no help to Allco in its search for a private right to enforce PURPA's must-buy obligation.").

In sum, Allco presents no arguments that convince me to recognize a private right of action under PURPA that allows a qualifying facility to file suit against a utility. I accordingly dismiss all claims that Allco purports to bring against Private Defendants under PURPA.

**B. Count Three: Claim Under CUTPA**

Like its federal claim, Allco's CUTPA claim is premised on UI's refusal to ratify Allco's proposed contractual terms. Compl. ¶ 103. CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a). Certain practices, however, are not subject to CUTPA, including "[t]ransactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States." *Id.* § 42-110c(a)(1). "The burden of proving exemption, as provided in this section, from the provisions of this chapter shall be upon the person claiming the exemption." *Id.* § 42-110c(b). Allco and Private Defendants disagree whether the CUTPA exception applies here, where UI is subject to regulation by PURA.

When determining whether an action falls under the statutory exception to CUTPA, "courts focus on the broader pattern of activity by the defendant, not the specific allegations of misconduct." *Sterling v. Securus Techs., Inc.*, No. 3:18-cv-01310 (VAB), 2019 WL 3387043, at *7 (D. Conn. July 26, 2019) (citation modified). For example, in *Connelly v. Housing Authority of City of New Haven*, when the plaintiff alleged that a housing authority failed to "provide adequate and stable heat and hot water to tenants," the Connecticut Supreme Court defined the activity as "continued leasing or renting of subsidized apartments to low-income tenants" and concluded that the activity fell under the CUTPA exception given the actions of the housing authority were "expressly authorized and pervasively regulated by both the state department of housing and HUD." 213 Conn. 354, 361, 365 (1990); *see also Sterling*, 2019 WL 3387043, at * 8 (dismissing plaintiffs' claim that Securus charged them "exploitive fees to pay kickback payments in violation of CUTPA" where "Securus's inmate calling service fees, commissions, and related activities were expressly authorized and pervasively regulated by the State of Connecticut").

The relevant activity here is UI's purchase and sale of electricity from qualifying facilities, which is "expressly authorized and pervasively regulated" by federal regulation and Connecticut law, including by PURA. *See Connelly*, 213 Conn. at 361. PURA "establish[es] rates and conditions of service" for UI's "purchase of electrical energy and capacity made available by a private power producer." Conn. Gen. Stat. § 16-243a(c). Indeed, UI submitted to and had approved by PURA a tariff specifying the rate and "a specific term of years" for the purchase of electricity from Allco. Conn. Agencies Regs. §§ 16-243a-2(a)-(c); ECF Nos. 49-3, 49-7. Contrary to Allco's position, UI's broad activity of purchasing and selling electricity from qualifying facilities is permitted by federal law. 16 U.S.C. § 824a-3(a). And although

Allco references other "unfair trade practices seeking to halt the interconnection applications" of its qualifying facilities, it offers no non-conclusory allegations detailing any action by UI other than its refusal to accept Allco's contractual terms. *See* Compl. ¶¶ 53-63.

I therefore conclude that UI has sufficiently demonstrated that its offer to Allco of a seven-year contract falls squarely within the exception to CUTPA, and dismiss Allco's CUTPA claims for failure to state a claim.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Private Defendants' Motion to Dismiss is GRANTED. The claims are dismissed with prejudice. Allco has not requested to replead and any attempt to do so would be futile.

**SO ORDERED.**

New Haven, Connecticut
September 29, 2026

/s/ *Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge